UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD DAVID WAY                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:13cv1020-HTW-LRA

JOHNNY CROCKETT, ET AL.                                                                      DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the Court for a Report and Recommendation as to Defendant Summerville's Motion for Summary Judgment [72], as well as Defendant Crockett's Motion for Summary Judgment [74]. Having considered the entire record in this matter, the undersigned recommends that both motions be granted and the complaint be dismissed.

## I. Background and History

Plaintiff is a state inmate, currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He filed the instant complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement while he was housed at the Kemper-Neshoba County Correctional Facility ["KNCCF"]. More specifically, he claims that he was wrongfully given a rules violation ("RVR") for having a cell phone when he did not have one. With respect to the disciplinary hearing for the RVR, Plaintiff claims that Defendants refused to produce video which would have proven his innocence and that the hearing officer, Defendant Crockett, refused to let Plaintiff call witnesses. He also challenges the sixty-five (65) day delay between his receipt of the RVR and his hearing.

The Court held an omnibus, or Spears[1] hearing, on July 17, 2014. Plaintiff elaborated on his claims at the hearing, and the Court entered an omnibus order in which the Court described Plaintiff's claims as follows:

> Plaintiff testified under oath, explaining the details of his claims. He was housed in the Kemper-Neshoba County Correctional Facility [KNCCF] in DeKalb, Mississippi, in November 2012. He was placed in administrative segregation there, and was served on November 14, 2012, with a Rule Violation Report [RVR] for possession of a cell phone. The RVR erroneously listed the incident as happening after the RVR. Plaintiff contends that he requested the zone camera but he was denied access to it. According to Plaintiff, the video would have shown that he did not possess a cell phone.
>
> On November 15, 2012, Plaintiff was transferred to Central Mississippi Correctional Facility [CMCF] and placed in administrative segregation. According to Plaintiff, he was sexually assaulted by other inmates there on December 7, 2012, and again on December 23, 2012.
>
> Plaintiff contends that he had a disciplinary hearing before Defendant Summerville on January 17, 2013, and was found guilty of possession of a cell phone. He charges that there was too much time between the RVR and hearing; that Defendant did not produce the tape which would have exonerated him; and, that Defendant refused to review the witness list. According to Plaintiff, the actual punishment imposed was the loss of all privileges for 90 days. He attempted to appeal to Defendant Crockett, but his appeal was denied.

[70] at 2. According to Plaintiff, Defendants' actions violated his right to due process.

In support of his motion, Defendant Crockett submitted copies of documents from Plaintiff's file which reflect that Plaintiff asked to be placed in protective custody **before** he received the RVR, because he had "red tagged", meaning he asked to be protected from three inmates. [74-1] at 1. Defendant Crockett also submitted a copy of a report indicating that Plaintiff admitted he used a cell phone. [74-1] at 4. Defendant Crockett has moved for summary

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

judgment on the basis that Plaintiff has failed to allege a constitutional violation. Alternatively, Defendant Crockett argues that qualified immunity entitles him to judgment in his favor. Defendant Summerville, a state official, has moved for summary judgment based on Eleventh Amendment immunity and qualified immunity.

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

## III. Discussion

**A. Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution prohibits suits against states in federal court brought by private citizens. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit extends to state agencies and state officials sued in

their official capacities for any relief, except certain types of injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-103 (1984). Defendant Summerville is entitled to judgment in her favor as to all Plaintiff's claims for monetary damages based on Eleventh Amendment immunity.

Plaintiff also seeks to have the RVR removed from his file. Even if this type of prospective injunctive relief falls within an exception to the Eleventh Amendment bar because of the alleged ongoing consequences of Plaintiff having the RVR,[2] Plaintiff's claim is without merit for the reasons set out *infra*.

**B. Due Process**

The first question the Court must address is whether Plaintiff had any protected substantive due process right to the privileges that were taken. Defendant Crockett cites *Sandin v. Conner*, 515 U.S. 472 (1995), in support of his assertion that Plaintiff had no protected liberty interest in the privileges he lost for 90 days as a result of the RVR. In *Sandin,* the United States Supreme Court held that the Due Process Clause only protects against freedom from restraint which imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

---

[2] In *Ex Parte Young,* the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. 209 U.S. 123, 159-160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for prospective injunctive relief under Section 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young,* 209 U.S. at 159-160). Declaratory relief is within *Young's* purview, but only when violations of federal law are threatened or ongoing." *Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010).

515 U.S. at 484.  Apparently anticipating this defense, Plaintiff argues that Defendants' actions imposed atypical and significant hardship on him.

In *Sandin*, the Supreme Court reiterated that not every change in an inmate's conditions of confinement, even one with a substantial adverse impact on the prisoner, violates due process.  *Id.* at 478.  *Sandin* involved segregation for disciplinary purposes and the Court concluded that an inmate does not have a protected liberty interest in remaining free from disciplinary segregation.  *Id.* at 475-76, 487.  Moreover, the records submitted by Defendant Crockett in support of his motion indicate that Plaintiff had requested protective custody six times since 2012. [74-1] at 1, 4.  Plaintiff has not explained how or whether protective custody and segregation for disciplinary purposes differed in his case.

With respect to the loss of privileges, the Fifth Circuit has held that loss of commissary privileges and cell restrictions imposed as punishment "are in fact merely changes in the conditions of . . . confinement and do not implicate due process concerns."  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Accordingly, neither the segregation or the 90-day loss of privileges imposed as a result of the RVR rises to the level of a constitutional violation, nor together do they implicate constitutional rights.

Insofar as Plaintiff's procedural due process claims (the delay before his hearing, the evidence he did not receive, and the witnesses he was not allowed) are concerned, Plaintiff was not due any process given that he had no protected right at stake.  *See Madison*, 104 F.3d at 767.  Additionally, in support of his claim that Defendants violated their own procedures by the delay between his receipt of the RVR and the hearing, Plaintiff has provided a copy of a document he represents to be SOP 19-01-01, a policy of the facility in which the incident took place.  This

document, however, appears to address spitting by inmates. [25] at 3. This policy does indicate that administrative segregation will ordinarily last no more than twenty days, but since the one section has been presented out of context, the Court cannot determine where the policy came from and/or whether it just addresses the consequences of spitting. Again, Plaintiff claims he was forced to remain in segregation pending the hearing, but as noted *supra*, prison records indicate Plaintiff was in protective custody, which necessarily entails some segregation, at his own request. Plaintiff has not disputed this point.

**C.  Qualified Immunity**

As to the claims against Defendants in their individual capacities, both Defendants contend that they are entitled to qualified immunity. "'[G]overnment officials performing discretionary functions generally are shielded  from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether Defendants are entitled to qualified immunity, the Court must determine whether a constitutional right has been violated and if so, whether that right was clearly established.  *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Because Defendants raised the qualified immunity defense, the burden is on Plaintiff to rebut the

defense of qualified immunity by showing that Defendants' allegedly wrongful conduct violated clearly established law.  *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992).  When qualified immunity has been raised as a defense "plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense."  *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *see Nieto v. San Perlita Independent Sch. Dist*., 894 F.2d 174, 177-78 (5th Cir. 1990).

Given the Court's conclusion that Plaintiff failed to establish the violation of any constitutional right, both Defendants are entitled to qualified immunity with respect to the claims against them in their individual capacities.

### IV.  Conclusion

Based on the foregoing, the undersigned recommends that Defendants' motions [72, 74] be granted.  The Complaint should be dismissed with prejudice, and Final Judgment in favor of Defendants should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 14th day of July, 2015.

/s/      Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE